Nikolay Denev KOLEV, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70221.
INS No. A70–664–924.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Sept. 24, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Nikolay Denev Kolev, a native and citizen of Bulgaria, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum and withholding of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

deportation. We have jurisdiction under 8 U.S.C. § 1105a(a).[1]

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence a determination that an applicant has not established eligibility for asylum. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998). We deny the petition.

The IJ's and BIA's determinations that Kolev failed to establish past persecution or a well-founded fear of persecution are supported by substantial evidence. *See Acewicz v. U.S. INS*, 984 F.2d 1056, 1060–62 (9th Cir.1993). Therefore, Kolev failed to establish eligibility for asylum. *See id.* at 1061. It follows that he failed to meet the more stringent standard for withholding of deportation. *See id.* at 1062.

PETITION FOR REVIEW DENIED.

---

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judicial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997 that result in a final deportation order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Kolev's action under 8 U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997).

